UNITED STATES of America, Plaintiff,

v.

Moreno L. **KEPLINGER,** et al., **Defendants.**

No. 81 CR 235.

United States District Court, N.D. Illinois, E.D.

Sept. 26, 1983.

---

Scott R. Lassar, William A. Spence, Robert Hackman, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Thomas D. Decker, Thomas D. Decker & Associates, Ltd., Mary Katharine Ryan, Harvey M. Silets, Silets & Martin, Ltd., Shelly Kulwin, Chicago, Ill., James Robertson, Wilmer, Cutler & Pickering, Patricia D. Douglass, Washington, D.C., for defendants.

## MEMORANDUM OPINION

NORDBERG, District Judge.

This is a lengthy, complicated, multi-defendant case necessarily involving a large amount of documentary circumstantial evidence. Defendants are charged under various criminal statutes with falsifying test data and reports to the Food and Drug Administration. Hundreds, if not thousands, of pages of documents have been admitted into evidence under the exception to the hearsay rule for records of regularly conducted activity, Fed.R.Evid. 803(6).[1] Defendants have raised a continuing objection that the admission of many of these documents violates the defendants' right of confrontation guaranteed by the Sixth Amendment of the Constitution. The court has ruled on each document on an individual basis, but proffers the following as an articulation of the court's analysis of the application of the Confrontation Clause to

1. The business records in this case include not only draft reports, final reports and correspondence concerning rat and mouse studies, but also lengthy detailed records of the weights, gross observations, pathological findings and other scientific data for a large number of rats and mice recorded at numerous time intervals for each study.

records admitted pursuant to the business record exception rule which has guided the court in making its rulings.

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." The Supreme Court has stated that the Confrontation Clause reflects a preference for face to face confrontation at trial, and that the primary interest secured by the clause is the right of cross-examination. *Ohio v. Roberts,* 448 U.S. 56, 64, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980). In *Ohio v. Roberts,* the Court recognized, however, that if the language of the Confrontation Clause were read literally, it would require exclusion of any statement made by a declarant not present at trial. *Id.* at 64, 100 S.Ct. at 2537. Such an interpretation of the Confrontation Clause, the court stated, would virtually abrogate every hearsay exception, "a result long rejected as unintended and too extreme." *Id.*

The Court recognized that "competing interests, if closely examined, may warrant dispensing with confrontation at trial." *Id.* at 65, 100 S.Ct. at 2538 (citations omitted). Considerations which may warrant dispensing with confrontation include the need for effective law enforcement, the necessities of the case, and the interest in development of precise formulation of the rules of evidence applicable in criminal proceedings. *Id. See also Mattes v. Gagnon,* 700 F.2d 1096, 1101 (7th Cir.1983). The Supreme Court has attempted to accommodate these competing interests in a series of cases to provide a framework for analyzing the Confrontation Clause as it applies to exceptions to the hearsay rule. Although the Court explicitly stated in *Ohio v. Roberts* that it has not sought to "map out a theory of the confrontation clause that would determine the validity of all hearsay exceptions," 448 U.S. at 65–66, 100 S.Ct. at 2539, the Court did articulate a general approach to the problem as follows.

■ The Confrontation Clause operates in two separate ways to restrain the range of admissable hearsay. First, to accommodate the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case, the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. This demonstration of unavailability, however, is not always required, as will be discussed below. Second, the statement may be admitted only if it bears adequate "indicia of reliability." Reliability can be inferred without more, however, where the evidence falls within a firmly rooted hearsay exception. *Id.* The exceptions for business records and public records are considered to be among the "safest" of the hearsay exceptions in terms of reliability. *Id.* at 67, n. 8, 100 S.Ct. at 2539.

■ As emphasized by the Court in *Ohio v. Roberts,* however, this analytical framework does not establish a hard and fast rule for analyzing all exceptions to the hearsay rule, and flexibility is needed to strike the proper balance between the need for face-to-face confrontation and the efficient administration of justice. The need for flexibility in applying this analysis is especially apparent when dealing with the business record exception. This well-established exception to the hearsay rule is founded on considerations of both reliability and necessity. M. Graham, *Handbook of Federal Evidence,* § 803(6) (1981). As to reliability, records of regularly conducted activities cannot fulfill their function of aiding the proper transaction of business unless they are accurate. Thus, the motive for accuracy is great, while the motive to falsify is virtually non-existent. The reliability of business records is supplied by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, and by a duty to make an accurate record as part of a continuing job or occupation. *Id. See also* 4 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 803(6)[01]; McCormick, *Evidence* § 306. The inherent reliability of business records makes the utility of cross examination minimal.

As to the necessity for the business record exception, the common law requirement that all participants in the record-making process be produced or their unavailability be accounted for often proved to be an insurmountable burden in our modern complex civilization. Rule 803(6) therefore adopted the only practical solution of allowing the requisite foundation testimony to be given by a custodian or "other qualified witness." To require a demonstration of specific unavailability in criminal cases of all persons who made business record entries to satisfy the Confrontation Clause would make it virtually impossible to prosecute criminal cases, such as the instant case, in which complicated business records of a failed business covering an extended time period constitute a substantial part of the evidence.

The Supreme Court in *Ohio v. Roberts* recognized that unavailability need not always be demonstrated to satisfy the Confrontation Clause. 448 U.S. at 65, n. 7, 100 S.Ct. at 2538. In *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), for example, the Court found the utility of trial confrontation so remote that it did not require the prosecution to produce a seemingly available witness. The Court held that hearsay evidence admitted pursuant to an exception for statements of co-conspirators was not "crucial" or "devastating," that the utility of cross-examination was remote, and that therefore the Confrontation Clause was not violated. *Id.* at 88, 91 S.Ct. at 219. Admission of business records without a showing of unavailability is clearly justified under this rationale. As discussed above, because of the inherent reliability of business records, the practical value of cross examination of each maker of business records is minimal. Moreover, because business records generally are not accusatory in nature, their admission cannot usually be considered "crucial" or "devastating" to the defense.[2] Business records therefore fall within the *Dutton* exception to the confrontation rule otherwise requiring a demonstration of unavailability of all the makers of each record.

Business records are also admissible without a demonstration of unavailability under the flexible analysis employed by the Seventh Circuit for determining whether the Confrontation Clause has been violated.[3] In *Mattes v. Gagnon,* 700 F.2d 1096 (7th Cir.1983), the court recognized that confrontation may be dispensed with if warranted by considerations of public policy. The court adopted a three-part test for determining whether a Confrontation Clause violation has occurred. The court

2. An alternative basis for admitting business records without a demonstration that the maker is unavailable was proffered by Professor Graham, who suggested that the Confrontation Clause applies to business records only if they contain statements "against" the defendant, i.e., statements that are accusatory in nature. M. Graham, *Handbook of Federal Evidence* ¶ 803(6), p. 824–26, n. 33. Professor Graham reasons that non-accusatory business records do not fall within the scope of the Confrontation Clause because the clause addresses only statements made by witnesses "against" the defendant. Under this analysis, typical business records which are not accusatory in nature would not raise any confrontation clause problems, and therefore the need to demonstrate unavailability is eliminated.

Although no court has formally adopted the approach suggested by Prof. Graham in the short time since the *Ohio v. Roberts* decision, the Seventh Circuit has recently indicated that it may be open to this approach. In *Mattes v. Gagnon,* 700 F.2d 1096 (7th Cir.1983), the court

held that the first question to be resolved in determining whether a Confrontation Clause violation has occurred is whether the out of court declarant is in fact a witness *against* the defendant. *Id.* at 1101. Thus, the Seventh Circuit analysis may incorporate the approach suggested by Graham to apply confrontation analysis only when the statement in the business record is accusatory in nature. Under this alternative theory, statements in business records which cannot be construed as accusatory of the defendant do not raise Confrontation Clause problems.

3. Although the Seventh Circuit has recently addressed the question of the applicability of the Confrontation Clause to business records in *United States v. Chappell,* 698 F.2d 308 (7th Cir.1983), the declarant in that case was deceased at the time of trial and thus indisputably unavailable. The court therefore did not address whether the Confrontation Clause requires a showing that all those making entries on a business record are unavailable.

must determine: (1) whether the out-of-court declarant is in fact a witness against the defendant, (2) whether the witness is unavailable, and (3) whether the circumstances of the case excuse the lack of confrontation. This third element incorporates considerations of public policy, identified by the court in *Ohio v. Roberts, supra,* including the need for effective law enforcement, the necessities of the case, and the interest in development and precise formulation of the rules of evidence applicable in criminal proceedings.

■ These public policy considerations weigh heavily in favor of finding that the Confrontation Clause does not bar admission of business records in this case. As noted above, prosecution of criminal cases of this nature in which substantial numbers of complex business documents must be introduced to prove the crimes charged would be made virtually impossible if the prosecution is required to produce every person who made an entry in every business record admitted into evidence. It is inconceivable to this court that this result was intended by the Constitution. The Court in *Ohio v. Roberts* stressed that such extreme results were not intended by the Framers or the Court, and that the general analytical framework set forth in *Roberts* requiring a showing of unavailability would not necessarily apply to all exceptions to the hearsay rule. The court therefore finds that the need for effective law enforcement and the necessities of this type of case mandate an exception to the confrontation rule for business records.

Accordingly, based on these important public policy considerations, and based on the court's finding that the business records admitted in this case are reliable, the value of cross examination of each person who made each entry in these records would be minimal, and the records admitted by the court are not accusatory in nature, the court concludes that the Confrontation Clause does not require a showing of unavailability of the makers of business records in this case.

In admitting business records in this case into evidence, the court has given careful consideration to documents with handwritten notations or information which are not part of the regularly recorded laboratory business records, documents with statements that might be construed as accusatory in nature, and documents which were directed more toward responding to the FDA than toward regular business purposes. The court has also considered Rule 403 of the Federal Rules of Evidence and applied the balancing test in admitting each document, and has excluded business records where it has determined that the danger of unfair prejudice substantially outweighs the probative value of the evidence.

Therefore, after a review of the documents received into evidence in this case, the court adheres to its ruling on the admissibility of each of the business records offered into evidence in this case.